Matter of Spinelli (2021 NY Slip Op 04553)





Matter of Spinelli


2021 NY Slip Op 04553


Decided on July 28, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
PAUL WOOTEN, JJ.


2021-02301

[*1]In the Matter of Salvatore Spinelli, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Salvatore Spinelli, respondent. (Attorney Registration No. 1241124)



APPLICATION pursuant to 22 NYCRR 1240.10 by Salvatore Spinelli, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 29, 1970, to resign as an attorney and counselor-at-law.



Catherine A. Sheridan, Hauppauge, NY (Michael O. Lynch of counsel), for petitioner.
Agulnick & Gogel, LLC, Port Washington, NY (Barry Agulnick of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Salvatore Spinelli, has submitted an affidavit sworn to on March 15, 2021, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges that he is currently the subject of investigations by the Grievance Committee for the Tenth Judicial District, involving, at a minimum, failure to safeguard funds held in his escrow account and misuse of his attorney trust account. The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct.
The respondent also acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the consequences of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Sushan Zheng in the amount of $120,000. Notwithstanding the foregoing, the respondent acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or [*2]others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON and WOOTEN, JJ., concur.
ORDERED that the application of the respondent, Salvatore Spinelli, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Salvatore Spinelli, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Salvatore Spinelli, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Salvatore Spinelli, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Salvatore Spinelli, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Sushan Zheng; and it is further,
ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Sushan Zheng, the respondent, Salvatore Spinelli, shall make monetary restitution to Sushan Zheng in the amount of $120,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Sushan Zheng, the respondent, Salvatore Spinelli, shall make partial restitution to that individual to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Salvatore Spinelli, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court